UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JON ELLIS LOUDERMILK,

    Petitioner,

v.                                                    CASE NO. 6:07-cv-1573-Orl-19KRS

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

---

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 9). Petitioner filed a reply and an amended reply to the response (Doc. Nos. 12 & 14).

Petitioner alleges three claims for relief in his petition: first, that his due process rights were violated and his plea was unconstitutional because he did not sign the plea agreement; second, that his due process rights were violated because he did not waive his right to have his sentence determined by a jury; and third, that he was sentenced to life imprisonment in violation of Florida law. Because his petition is untimely, this Court is precluded from addressing the merits of Petitioner's claims.

*Procedural History*

Petitioner was charged by information with three counts of capital sexual battery. Pursuant to a written plea agreement, he entered a plea of guilty to one count, and the State nolle prossed the remaining two counts. On November 14, 1985, Petitioner was sentenced to life in prison with a mandatory minimum of twenty-five years. He did not file a direct appeal.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on March 2, 1988.[1] The state trial court denied the motion, and the Florida Fifth District Court of Appeal *per curiam* affirmed. *Loudermilk v. State*, 525 So. 2d 899 (Fla. 5th DCA 1988). Mandate was issued on May 13, 1988.

Petitioner filed a document titled "Notice and Motion Under the Extraordinary Writ of Habeas Corpus and or in the Alternate Rule 3.800/3.850" on January 17, 2007. The state trial court denied the motion, and the appellate court *per curiam* affirmed. Mandate issued on September 6, 2007.

*Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

---

[1]This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

A prisoner, such as Petitioner, whose conviction became final prior to April 24, 1996, had through April 23, 1997, absent any tolling, to file a § 2254 motion regarding such conviction. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions became final before the enactment of the AEDPA must be provided a reasonable time to file their § 2254 petitions, and one year from the effective date is a reasonable period). Petitioner's instant petition was filed on August 27, 2007,

under the mailbox rule. Since the one-year period of limitation ran on April 23, 1997, Petitioner's habeas corpus petition was not timely filed and must be denied.

Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. Petitioner's first Rule 3.850 proceedings did not toll the time period because the proceedings concluded in 1988, long before the one year began to run. Furthermore, Petitioner's 2007 proceedings did not toll the time because the one-year period concluded before he initiated those proceedings. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this __24th___ day of March, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 3/24
Jon Ellis Loudermilk
Counsel of Record